**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.                                                                                          **CRIMINAL NO. 3:22CR-00154-DJH**
                                                                                            *Electronically Filed*

**CLAYTON HODGES**                                                                           **DEFENDANT**

## MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States respectfully requests that the Court enter the attached Preliminary Order of Forfeiture. As explained below, the preliminary order is necessary to protect the United States' ability to collect forfeited property and to protect third parties who may have competing interests in that property.

On July 6, 2023, the defendant pled guilty to a violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), as charged in Count 1 and 2 of the Indictment. Pursuant to the plea agreement, the defendant agreed to forfeit the property described in the Notice of Forfeiture in the Indictment and the attached proposed Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461. The sentencing is currently scheduled for October 18, 2023.

The United States has been notified that the following property has been administratively forfeited by the Bureau of Alcohol, Tobacco, Firearms and Explosives and therefore is not subject to judicial forfeiture: **Unknown Machine Gun, caliber none, SN: none.**

The Preliminary Order of Forfeiture begins the process of collecting the property authorized by 18 U.S.C. § 924(d) and 28 U.S.C. § 2461. The proposed order sets out the facts justifying the forfeiture of defendant's property, permits the Bureau of Alcohol, Tobacco, Firearms and Explosives, or any duly authorized law enforcement agency to secure the property, and

describes the procedure governing the ancillary proceedings in which innocent third parties may assert ownership claims to the forfeited property. 21 U.S.C. § 853; Fed. R. Crim. P. 32.2. Until the Court enters a preliminary order of forfeiture, the law prevents third parties from defending their interests in the forfeited property. 21 U.S.C. § 853(k). Approval of the preliminary order is likewise a prerequisite to the United States' ability to conduct necessary discovery and seek the forfeiture of substitute assets, if such forfeiture is necessary. 21 U.S.C. § 853(m)-(p).

Accordingly, the United States requests that the Court enter the attached proposed Preliminary Order of Forfeiture.

Respectfully submitted,

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

s/ *Emily Lantz*
Emily Lantz
Assistant United States Attorney
717 W. Broadway
Louisville, Kentucky 40202
(502) 582-5911

CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2023, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

s/ *Emily Lantz*
Emily Lantz
Assistant U.S. Attorney