**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO.: 3:22CR-154-DJH**
**UNITED STATES OF AMERICA,**                                **PLAINTIFF,**

**vs.**

**CLAYTON HODGES.**                                               **DEFENDANT.**

**DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE**

The Defendant, Clayton Hodges, respectfully submits this Sentencing Memorandum. A sentencing hearing is scheduled for October 18, 2023. Mr. Hodges asks that the Court impose a sentence of 16 months and that this sentence run concurrently with the state sentence that Mr. Hodges is currently serving.

**A. Charges and Statutory Sentencing Range.**

On July 6, 2023, Mr. Hodges entered guilty pleas to the two counts of the Indictment that apply to him: Count One charged Possession of a Firearm by a Prohibited Person, due to a prior felony conviction, pursuant to 18 U.S.C. 922(g), and Count Two charged Illegal Possession of a Machine Gun pursuant to 18 U.S.C. 022(o). Each count carries no more than 10 years imprisonment, followed by no more than three years supervised release.

**B. PSR**

Mr. Hodges has no objections to the PSR.

**C. Plea Agreement.**

The plea agreement in this case is pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Through that agreement, the United States agrees to: 1) Recommend a sentence at the lowest end of the applicable guideline range; and 2) Recommend a reduction of 3 levels below the otherwise applicable guideline range for Mr. Hodges's acceptance of responsibility provided he does not engage in conduct which violates the law, violates a bond condition, constitutes an obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.

**D. Guideline Sentencing Range.**

Pursuant to the Presentence Investigation Report, Mr. Hodges's advisory guideline calculations are as follows:

| | |
|---|---|
| Base Offense Level, USSG §2K2.1 | 22 |
| Acceptance of Responsibility USSG §3E1.1(a) | -2 |
| Acceptance of Responsibility USSG §3E1.1(b) | -1 |
| Total Offense Level | 19 |
| Criminal History Category (6 points) | III |
| Guideline Range | 37-46 months (Zone D) |

### E. Offense Conduct

At the time of the stop by law enforcement, Clayton Hodges was driving a motorized scooter with two friends on a busy road.[1] The interaction began as a traffic stop due to the dangerous driving. Soon after, officers recovered a handgun with a Glock switch from Mr. Hodges's pants pocket.[2] Mr. Hodges did not resist or attempt to flee and was arrested without incident.

There is no evidence that the gun was fired, brandished, or used in any way against a person. Mr. Hodges possessed it, including the Glock switch, when he was prohibited from doing so due to prior felony conviction.

### F. Mr. Hodges's Background and Circumstances.

Mr. Hodges is still a very young man, just 22 years old.[3] Much of his life has consisted of an unstable and chaotic childhood, where both parents suffered from drug addiction and bounced in and of jail.[4] Both of his parents also became abusive when under the influence, although they acted this out in different ways.[5] During the periods of his childhood when his parents were either not around or were not able to care for him, he was either raised by his grandparents or had to take care of himself.[6]

---

[1] PSR, para. 12.
[2] PSR, para 14.
[3] PSR, para. 38.
[4] PSR, para. 39.
[5] Id.
[6] PSR, para. 38 and 39.

Mr. Hodges, himself, has experienced long-term drug abuse. His first use was at age 15, when he used marijuana.[7] Since then, his most extensive use has been methamphetamine and prescription pills, in addition to marijuana.[8] He acknowledged that he has had no significant periods of sobriety.[9] He also recognizes that drug abuse has had a negative impact on his life and his relationships.[10] He has never completed any program for drug treatment, although he began a 30 day program at VOA.[11]  However, he has maintained his sobriety since late 2022.[12] He now wants to build on that progress by participating in drug treatment while he serves this sentence.

Mr. Hodges has further plans to prepare himself for success after he has completed his sentence. He has an opportunity to take a job at a meat-packing facility, where his father works.[13] He is also interested in continuing his education, and increasing his employment options, be studying to become an electrician while he is in custody.[14] .

G. Sentence and Request for Variance

Mr. Hodges requests that the grant a downward variance and impose a sentence of 16 months. He further requests that the sentence run concurrently with the unexpired term imposed in Jefferson County case 20-CR-428-001, based on USSG §5G1.3(d).[15] Lastly,

---

[7] PSR, para. 44.
[8] Id.
[9] PSR, para. 45.
[10] Id.
[11] Id.
[12] PSR, para. 44.
[13] PSR, para. 54.
[14] Id.
[15] See PSR, para 30 and 60.

4

he requests that the Court waive any fine based on his inability to pay.[16] A sentence of 16 months takes into account the 17 months that he has spent in custody since his arrest on May 27, 2022. Such a sentence will lead to a total period of imprisonment of 33 months, the low end of the advisory guideline range. It is commensurate with the seriousness of the offense and serves as just punishment because it results in a period of imprisonment allowed by statute and set out in the advisory guidelines. It also ensures that Mr. Hodges will serve an additional period imprisonment after the expiration of his state sentence.[17] It provides for deterrence by imposing a period of imprisonment that will be significantly longer than any that he has previously served. Finally, such a sentence be also be long enough to allow him to participate in programming, such as drug treatment and vocation training, to prepare for success upon release. He will then be in a solid position to build on that during his supervised release period. This sentence is sufficient, but not more than necessary to achieve the goals set out in 18 USC 3553(a).

Respectfully submitted,

/s/ Angela M. Rea
Assistant Federal Defender
200 Theatre Building
629 Fourth Street
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

---

[16] See PSR, para. 56 and 57.
[17] The minimum expiration date for this sentence is December 30, 2023. PSR, para. 30.

## CERTIFICATE

      I hereby certify that on October 3, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Hon. Mac Shannon, Assistant United States Attorney.

      /s/ Angela M. Rea